UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANISSA JONES, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Case No. 17-1437 |
| DISTRICT OF COLUMBIA, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

Anissa Jones sues under the Individuals with Disabilities Act, 20 U.S.C. §§ 1400–1482 (IDEA), to challenge her minor son D.M.'s individualized education program (IEP) for the 2015–2016 school year. After a local education hearing officer determined the District of Columbia Public Schools (DCPS) provided D.M. with the requisite free appropriate public education (FAPE), Jones appealed to this Court.

The Court referred the matter to Magistrate Judge Meriweather, who considered the six issues Jones raised, affirming the hearing officer on five of them. But the hearing officer never considered the sixth: whether the 2015–2016 IEP's failure to account for all hours during the school week or to describe D.M.'s least restrictive possible educational environment[1] violated the IDEA by limiting Jones's ability to help develop her son's IEP. Judge Meriweather decided

---

[1] The IDEA requires schools to educate disabled students "in the least restrictive environment [(LRE)] possible—that is, the one that provides 'some educational benefit' and 'most closely approximates the education a disabled child would receive if she had no disability." *Leggett v. District of Columbia*, 793 F.3d 59, 73 (D.C. Cir. 2015) (quoting *Kerkam v. Superintendent, D.C. Pub. Sch.*, 931 F.2d 84, 86 (D.C. Cir. 1991)) (citing 20 U.S.C. § 1412(a)(5)(A)); *see also Brown v. District of Columbia*, 179 F. Supp. 3d 15, 27 (D.D.C. 2016) ("[G]iven the emphasis the IDEA places on the concept of an LRE and the central role the IEP plays in the broader statutory framework, it only makes sense that . . . an IEP team is required to discuss a student's specific LRE and the IEP is required to include at least a brief description of it.").

that it did, but since the violation did not actually affect D.M.'s education, it only entitled Jones to declaratory relief.

Jones objects, arguing the deficient IEP affected D.M.'s education by permitting instruction from non–special-education-certified teachers. So she wants a compensatory education plan to make up for any instruction by non–special-education-certified teachers. But this relief would not remedy the IDEA violation Judge Meriweather found. And in any event, instruction by non–special-education-certified teachers does not render D.M.'s 2015–2016 IEP deficient. Accordingly, the Court adopts Judge Meriweather's Report & Recommendation in full.

## I. Background

### A. Jones's Prior IDEA Action

This suit concerns D.M.'s 2015–2016 IEP. But that IEP actually resulted from an earlier action challenging D.M.'s 2014–2015 IEP. The earlier action ended with a hearing officer ordering DCPS to draft a new IEP for the 2015–2016 school year requiring that "[a]ll of [D.M.]'s academic instruction shall be specialized instruction provided in the outside of general setting," and that "[a]ll of [D.M.'s] instruction shall be provided in a small classroom (*i.e.*, not to exceed 12 students), with a low ratio of students to adults (*i.e.*, not to exceed six students per adult)." R. 201-02, ECF No. 9.

Jones brought this action because DCPS failed to comply. Though DCPS follows a 32.5-hour school week, D.M.'s 2015–2016 IEP guaranteed only 21.5 weekly hours of special education. *See* R. 231. But despite this oversight, the 2015–2016 IEP functionally complied with the original order since D.M. spent the entire school week in a small, self-contained classroom designated for behavioral and educational support. *See* R. 15, 992. Regardless, Jones brought this IDEA action alleging DCPS denied D.M. a FAPE by failing to formally heed the original order.

### B. Proceedings Below

This time around, the hearing officer agreed the 2015–2016 IEP formally "contravened" the original order. R. 15-16. Yet he concluded DCPS did not functionally deny D.M. a FAPE since it "actually offered all of his academic instruction . . . outside of [a] general education setting." *Id.*

Judge Meriweather affirmed. But she reached further to find two new IDEA violations the officer did not consider: First, she decided the 2015–2016 IEP's failure to account for every school hour "negatively impacted [Jones]'s ability to participate in the decision making process regarding the environment in which [her son] would be educated." R. & R. 27, ECF No. 17. Second, she concluded the 2015–2016 IEP's "failure to address [D.M.'s] LRE also significantly impeded [Jones]'s participation in the development of the IEP." *Id.* 28. According to Judge Meriweather, "both deficiencies constitute[d] substantive violations of the IDEA" that denied D.M. a FAPE. *Id.* DCPS does not object to that conclusion.

But Judge Meriweather admitted this was "an unusual situation because the denial of a FAPE did not affect the educational services that D.M. received." *Id.* at 48. Since "[t]he denial of a FAPE arises [only] from the infringement of [Jones]'s ability to participate in the process of determining the setting in which D.M. would be educated," there was "no lost educational benefit to redress." *Id.* So she declined Jones's request for compensatory education, awarding only declaratory relief. *Id.*

## II. Jones's Objection to Judge Meriweather's Report & Recommendation

Jones objects to Judge Meriweather's decision to award only declaratory relief, claiming the IEP's failure to account for every school hour and for D.M.'s LRE did affect his educational services and thus entitle him to equitable relief. She argues even though DCPS provided D.M.'s

3

education in a specialized setting, DCPS did not provide D.M. with full-time special education since non-special-education-certified teachers occasionally taught D.M. And she seeks compensatory education to make up for these missed hours of special education instruction.

Jones's objection fails for two reasons. First, she requests relief divorced from the particular IDEA violations Judge Meriweather found. Judge Meriweather expressly affirmed the hearing officer's finding that DCPS did not provide D.M. with a deficient education, holding only that DCPS violated the IDEA by negatively impacting Jones's ability to help develop his IEP. Put another way, DCPS did not harm D.M.'s education; it harmed Jones's role in developing that education. And since equitable relief "must be drawn with sufficient specificity to remedy the harm shown," *Winpisinger v. Watson*, 628 F.2d 133, 142 (D.C. Cir. 1980), any relief would necessarily be tailored to Jones's role in IEP-development. Yet Jones seeks relief related to D.M.'s educational services—even though the hearing officer and Judge Meriweather both found those services unharmed. So because it does not remedy the harm Judge Meriweather found, Jones cannot obtain compensatory education.

Second, Jones premises her request for compensatory education on conduct that does not offend the original hearing officer's order. Construing her objection generously, Jones argues her lessened role in D.M.'s IEP development caused his 2015–2016 IEP to violate the original officer's order by permitting occasional cocurricular instruction by non–special-education-certified teachers. But instruction by non–special-education-certified teachers contradicts neither that order's letter nor its spirit. Recall the text of the original order: "All of [D.M.]'s academic instruction shall be specialized instruction provided in the outside of general education setting." The order did not define "specialized instruction," and Jones does not identify (nor can the Court find) any authority limiting "specialized instruction" to instruction by special-education-certified

4

teachers. Jones breezily claims that "it goes without saying that if instruction is provided by a general education teacher, the setting is a general education setting regardless of class size." Pl.'s Objs. 4. But these facts suggest otherwise. Here, D.M. received all instruction in a self-contained classroom with four students, two special education aides, and a behavioral specialist. R. 261; 991-94. General education teachers occasionally joined that specialized environment to instruct cocurricular subjects like art and physical education. R. 991-94. But even then, the instruction occurred outside the general-education setting with (at least) a special education aide and behavioral specialist in the room. *Id.* The Court declines to deem D.M.'s education insufficiently specialized.

### III. Conclusion

The Court fully adopts Judge Meriweather's Report & Recommendation. In particular, although DCPS's 2015–2016 IEP denied D.M. a FAPE by failing to account for every school hour and to describe his LRE, D.M. is not entitled to compensatory education. The Court will therefore grant Jones declaratory relief that DCPS's 2015–2016 IEP denied D.M. a FAPE by failing to account for every school hour and to describe his LRE but will deny her summary judgment motion [11] and grant D.C.'s cross-motion [12] in all other respects. An accompanying order follows.

Date: February 11, 2019

                                                                Royce C. Lamberth
                                                                United States District Judge